GEORGIA,
Chatham Co.
MAY, 1808.

Huron
vs.
Huron.

*Minutes of Superior Court, letter F. p. 518.*

*May 5th, 1808.*

### HURON *vs.* HURON.

#### GARNISHEE.

IN this case returns were made by garnishees residing in different counties, and upon motion of *Davis* and *Berrien* to enter up judgment against them for the amount of their returns, it was objected by *Harris*, for the garnishees, in arrest of this motion, that the 3d section of the attachment law was unconstitutional, because no person could, (except in the case of joint obligors,) be sued out of the county in which he resided : and these garnishees resided in the county of Richmond.

*By the Court.*

The constitution directs, that the party shall be sued in the county where he resides ; but this constitutional privilege applies to original actions which clearly designate the parties, plaintiff and defendant. It does not interfere with those incidental remedies, which necessarily result from the exigencies of the original action. A bill may be filed in equity to procure testimony in aid of the bill original (or for other collateral purposes,) against a person not a resident of the county. This is mentioned for the purpose of illustration, and the present case may be assimilated to it. The *garnishee* is not a party, in its technical acceptation, he cannot be recognised as a defendant. He is called a " third person" by the attachment act : and by the process served upon him, he is merely required to surrender to the attaching plaintiff (creditor) property which may enable the plain-

tiff to derive a benefit from his action.    None of the rights of the garnishees are so implicated as to require a trial of his vicinage.    The attachment served upon him is therefore incidental, or auxiliary to the original action, and does not fall under the constitutional privilege given to defendants.

GEORGIA,
Chatham Co.
MAY, 1808.

Huron
vs.
Huron.

*Davis* and *Berrien*, for Plaintiff.
*Harris*, for Garnishees.